IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD O'LEARY,                    )
    Plaintiff                    )
                          )
         v.                    )     Civil Action No. 05-326
                          )
COMMISSIONER OF SOCIAL        )
SECURITY,                          )
    Defendant.                   )

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the defendant's motion for summary judgment (Docket No.11) be granted; that the decision of the Commissioner of Social Security be affirmed and that judgment be entered accordingly.

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On March 11, 2005, Donald O'Leary, by his counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on October 15, 2003 (R.53-55, 229-235). Benefits were denied on December 11, 2003 (R.32-35, 237-240). On December 31, 2003, the plaintiff requested a hearing (R.37), and pursuant to that request a hearing was conducted on August 23, 2004 (R.246-271).  In a decision filed on September 28, 2004, an Administrative Law Judge denied benefits (R.9-22).  On November 26, 2004, the plaintiff requested reconsideration of this determination (R.8), and upon reconsideration, and in a decision dated February 3, 2005, the Appeals Council  affirmed the prior decision (R.4-7). The instant complaint was filed on March 11, 2005.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on August 23, 2004 (R.246-271), the plaintiff appeared with counsel (R.248), and testified that he last worked as a maintenance man in 2002 (R.255).

The plaintiff also testified that he is receiving mental health treatment (R.251); that he experiences depression and mood swings (R.256,264); that he cannot be with people or experience stress (R.254,263); that he injured his shoulder in 1994 and attends physical therapy (R.258) and that although he takes medication he does not experience any relief (R.259).

At the hearing a vocational expert was called upon to testify (R.266-269). The witness described the plaintiff's prior work experience as light to medium semi-skilled work (R.267). He was asked to assume an individual of the plaintiff's age, education and work experience who could perform medium exertional work but would need to avoid reaching and having contact with the general public but which would involve repetitive tasks and he responded that there were many jobs such an individual could perform (R.267-269).  However, the witness also testified that if the individual missed about 25% of his work time due to illness, he would not be employable (R.269).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

4

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program.  While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts.  <u>NLRB</u> v. <u>Staiman Brothers</u>, 466 F.2d 564 (3d Cir. 1972); <u>Choratch</u> v. <u>Finch</u>, 438 F.2d 342 (3d Cir. 1971); <u>Woods</u> v. <u>Finch</u>, 428 F.2d 469 (3d Cir. 1970).  Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated at the Chartiers MH/MR Center between October 1, 2003 and October 9, 2003 where a significant history of drug and alcohol abuse was noted. A diagnosis of bipolar affective disorder and alcohol and drug abuse was made. The plaintiff was also said to have an antisocial personality disorder. Partial hospitalization was recommended (R.90-95).

The plaintiff was hospitalized at St. Clair Hospital on September 14, 2003, September 16, 2003 and October 17, 2003 for depression. He was treated with medication (R.96-121).

5

The plaintiff was treated at the Western Psychiatric Institute and Clinic between October 28, 2002 and November 7, 2003 for a bipolar disorder and major depression. He was treated with medication and bi-weekly psychotherapy (R.122-160).

In a report of a psychological evaluation conducted on November 13, 2003, Lawrence B. Haddad, Ph.D. noted behavior suggestive of a bipolar order and borderline personality (R.161-166).

In a psychiatric review completed on December 4, 2003, Richard Heil, Ph.D. observed that the plaintiff was capable of performing simple, routine, repetitive work and could sustain an ordinary routine and adapt to changes. The plaintiff's limitations varied from none to moderate (R.167-182).

The plaintiff was treated by Dr. Joshua Goldman between October 15, 2002 and July 27, 2004 for shoulder, hand and abdominal pain attributable to osteoarthritis and arthralgias (R.189-204).

The plaintiff was treated at the Western Psychiatric Institute and Clinic between December 30, 2003 and July 27, 2004 for mood and personality disorder, a major recurrent depressive disorder and polysubstance dependence in remission. He received psychotherapy (R.205-228).

The plaintiff received physical therapy on August 17, 2004 for his left shoulder pain (R.184-188).

The plaintiff received treatment and support at the Western Psychiatric Institute and Clinic between January 13, 2004 and August 20, 2004 (R.183).

6

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims.  In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity.  If not, then the severity of the plaintiff's impairment must be considered.  If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability.  If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work.  If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file.  The finding of residual functional capacity is the key to the remainder of findings under the new regulations.  If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made.  If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant is a 44 year-old individual with a high school equivalent (GED) education, plus one year of college...  His past work experience includes employment as a handyman and truck driver in various capacities. He alleges that he became disabled on September 15, 2003 due to a bipolar disorder and depression.

* * *

The medical evidence indicates that the claimant has a bipolar disorder and personality disorder impairment that are "severe" ... but not "severe" enough to meet or medically equal either singly or in combination to one of the impairments listed ...

For mental disorders ... severity is assessed in terms of the functional limitations imposed by the impairment...

The claimant has demonstrated normal ability with respect to personal grooming and hygiene. He is also capable of driving a car and using public transportation as necessary. He also has demonstrated the capability of paying bills when funds are available...

The evidence indicates that the claimant has had a long-standing problem with control of anger...  Dr. Haddad opined, and I concur, that there is moderate impairment of the claimant's ability to interact appropriately with the public or with supervisors.  On the other hand, he demonstrates good powers of communication.  The evidence indicates that he has some friends...  The evidence as a whole indicates only moderate limitation of social functioning...

The report by Dr. Haddad indicates that the claimant is capable of maintaining sufficient concentration and task persistence to carry out simple instructions and to perform non-stressful activities within a schedule from beginning to end...

Within the period under review there were two episodes of decompensation resulting in hospitalization in 2003. However, with sustained medication management and therapy there have been no further events of that nature.

Therefore, with respect to the claimant's mental impairments, an evaluation under section 12.04 and 12.08 for affective disorders and personality disorders respectively, indicates that although the "A" criteria may be met, the "B" criteria of the listings are not satisfied. Specifically, limitations resulting from the mental impairments, as supported by the evidence, establish that restrictions of activities of daily living are moderate; there is moderate difficulty in maintaining social functioning, and there are mild deficiencies in concentration, persistence or pace. There have been two episodic events of deterioration or decompensation.

> In lieu of meeting the "B" criteria of Listing 12.04, a Claimant may present evidence under subparagraph C of a medically documented history of an affective disorder of at least two years duration that has caused more than minimal limitation of ability to do any basic work activity, with symptoms or signs currently attenuated by medication or psychosocial support ...

> Although Claimant's evidence suggests that he has had symptoms of bipolarity for more than two years, and that these impairments impose more than minimal limitations upon him, there is no evidence in this record to support a conclusion that the remaining elements of sub-paragraph C are present. Indeed the evidence is to the contrary.

* * *

> Based on the testimony of the vocational expert, the undersigned has concluded that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore reached... (R.12-21).

The record demonstrates that the plaintiff does not have any significant physical limitations on his ability to be gainfully employed, and that while he does have serious mental impairments, these only impose slight limitations on his ability to be gainfully employed. Rather, the record suggests that if the plaintiff could avoid dealing with the public and be subjected to only minimal stressors, he could sustain employment. For this reason, the determination of the Commissioner is supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the defendant's

motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within ten (10) days after being served with a copy , any party may serve and file written objections to the Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ Robert C. Mitchell

Dated: September 14, 2005                    United States Magistrate Judge

10